BOUTALL, Judge.
Appellant John G. Williams, II, appeals the making executory in Louisiana of a judgment against him, in the amount of $1,048.00, for attorney’s fees in connection with a Texas Child-support hearing. We affirm.
The Texas proceeding, at which appellant was present, was initiated by his ex-wife for an increase in child support. Appellant drove to Harris County, Texas, to respond to the motion. He was represented there by a Texas attorney. The increase was granted, as well as attorney fees for the wife’s attorney, Robert Cook, in the amount of $1,000.00 plus $48.00 court costs. The judgment was not appealed in Texas and once it was final, the attorney brought proceedings in Louisiana to make the judgment executory. Appellant husband is a resident of Louisiana.
Appellant cites numerous defects in the Texas proceeding. He contends that the hearing was held by a master, which under Texas law requires the consent of the parties, and to which he alleges he did not consent, thus rendering the Texas judgment a nullity. Additionally appellant contends that the wording of the judgment is critically defective because under Texas law an attorney is not the proper party to enforce a judgment for costs.
Nevertheless this judgment was not appealed in Texas. Appellant testified that he wished to appeal, but his Texas attorney failed to. We note that the judgment was apparently consented to. Once the judgment was definitive, the wife’s attorney, Robert Cook, through Louisiana counsel, in *128 stituted an action to make it executory in First Parish Court, Jefferson Parish. Judgment was in favor of Cook and Williams appealed. Cook has answered and asked for costs of the appeal.
ISSUES
1. Is appellant precluded in Louisiana from raising the defense that the Texas judgment sought to be enforced is a nullity due to procedural defects in the Texas proceeding?
2. Does the attorney have a right of action in Louisiana to enforce a Texas money judgment when Texas law does not give the attorney a right of action to enforce that portion of the judgment awarding attorney fees directly to him?
3. Is a Texas judgment entitled to full faith and credit in Louisiana when in order to be executory in Texas it must allegedly first be revived and reduced to court cost?
As is evident from the summary of issues, appellant’s arguments on appeal involve to a great extent a rehash of the merits of the case and substantive and procedural questions of Texas law. As to the abundance of Texas law introduced at trial and cited in appellant’s brief, appellant has provided us with copies of the statutes but there was no testimony at trial by a Texas expert on the proper interpretation of these statutes.
In Louisiana, review of a final judgment of a foreign court, sought to be made executory, is limited, by both United States Supreme Court and Louisiana jurisprudence, to an inquiry as to subject matter and personal jurisdiction of the rendering court. Durfee v. Duke, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963), Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278, and cases cited therein, Crichton v. Succession of Crichton, 232 So.2d 109 (La.App. 2d Cir.1970).
Crichton involved the heirs óf a New York de cujus, owner of Louisiana real property, seeking to have a New York judgment in their favor enforced in Louisiana. The Louisiana Court of Appeal, Second Circuit, upheld the New York judgment even though a Louisiana court would have reached a different result. The opinion gives a rather complete treatment to considerations underlying the full faith and credit clause, and concludes, inter alia, “Error in the proceeding of the other court is not a defense to enforcement of a judgment.” Crichton, supra, at 112. The court also reiterated the settled principle that a Louisiana court must confine itself to “... The question of domicile and jurisdiction over the parties” in a suit for recognition of a foreign judgment. Ibid at 114. See also Biri v. Biri, 192 So.2d 862 (La.App. 4th Cir.1966).
In Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940) 61 S.Ct. at 342, the U.S. Supreme Court had the following to say about enforcement of a foreign judgment:
Where a judgment rendered in one state is challenged in another, a want of jurisdiction over either the person or the subject matter is of course open to inquiry. [Citations omitted]
[T]he full faith and credit clause of the constitution precludes any inquiry into the merits of the cause of action, the logic or consistency of the decision, or the validity of the legal principles on which the judgment is based.... [Citations omitted] Whatever mistakes of law may underlie the judgment ... it is “conclusive as to all media concludendi.” [Citations omitted]
Appellant has mounted a direct attack on the merits of a Texas judgment in this appeal of the making executory of that judgment in Louisiana. Appellant has also attempted in his brief to fashion a sort of collateral attack on the Texas judgment by equating subject matter jurisdiction with various procedural provisions of Texas family law. We are ill-equipped to construe the Texas code, and any procedural problems should have been redressed by a Texas appeal. Appellant has presented no valid issue of jurisdiction or domicile for our review. As the matter stands now, appel *129 lant’s sole forum for his grievances would of necessity be the State of Texas.
Appellee by answer to the appeal requests us to assess costs of these proceedings against appellant, noting the trial court judgment is silent as to costs. C.C.P. art. 1920 provides that costs shall be paid by the party case unless the judgment provides otherwise. In any event, we assess all costs in both courts against appellant, John G. Williams, II.
For the foregoing reasons, the judgment appealed from is affirmed.
AFFIRMED.