CHEHARDY, Chief Judge.
John Brent Biggers appeals a judgment that recognizes and makes executory a Mississippi divorce decree under which he is liable for child support payments. He contends the judgment of the Louisiana court is invalid because that court had no personal jurisdiction over him.
The divorce decree was rendered by the Chancery Court of Pearl River County, Mississippi, on June 5, 1984. The decree granted custody of the two minor children to Elizabeth C. Biggers (now Elizabeth Big-gers Terry) and ordered John Biggers to pay child support to her in the amount of $350 per month.[1]
Although the parties had resided together in Mississippi prior to filing of the petition for divorce, Ms. Terry soon thereafter moved with the children to Jefferson Par *449 ish, Louisiana. On January 19, 1987, she filed in the 24th Judicial District Court for the Parish of Jefferson a petition for “recognition and execution of foreign judgment,” pursuant to LSA-R.S. 13:4241-13:4247. The petition requested service on Mr. Biggers by certified mail at his last-known address, as required by R.S. 13:4243.
In response, Biggers filed declinatory exceptions of insufficient citation and service of process, lack of personal jurisdiction over the defendant, and improper venue. After a contradictory hearing, the district court rendered judgment in favor of Elizabeth Biggers Terry and against John Big-gers, “recognizing the Mississippi judgment of divorce and child support and making it executory in this jurisdiction as if a judgment of this Court.”
On appeal, Biggers argues there is no ground for the exercise of personal jurisdiction over him because he is a nonresident. Without personal jurisdiction, he contends, the service of citation and process by certified mail prescribed by R.S. 13:4243 is insufficient to allow the court to render judgment against him. He asserts the Mississippi judgment can be made exec-utory only by the court in which it was rendered, which he claims is the court of the only proper venue.
LSA-C.C.P. art. 2541 provides that a party seeking recognition or enforcement by a Louisiana court of a judgment or decree of a foreign court may either seek enforcement pursuant to R.S. 13:4241, et seq., or bring an ordinary proceeding against the judgment debtor in the proper Louisiana court to have the judgment or decree recognized.
R.S. 13:4241-13:4247, known as the Enforcement of Foreign Judgments Act, defines “foreign judgment” as “any judgment, decree, or order of a court of the United States * * * which is entitled to full faith and credit in this state.” R.S. 13:4241. The Act provides that a duly authenticated copy of any foreign judgment may be filed with an ex parte petition praying that the judgment be made executory in a court of this state. R.S. 13:4242. That statute further provides,
“The foreign judgment shall be treated in the same manner as a judgment of a court of this state. It shall have the same effect and be subject to the same procedures, and defenses, for reopening, vacating, or staying as a judgment of a court of this state and may be enforced in the same manner.”
The Act requires the Clerk of Court to send notice via certified mail to the judgment debtor at his last-known address and stipulates that no execution or other process for enforcement of the judgment shall issue until 30 days after the mailing of the notice of the filing of the foreign judgment. R.S. 13:4243.
Considering the definition of “foreign judgment,” given in R.S. 13:4241, as a judgment that is entitled to full faith and credit in this state, the threshold inquiry in any proceeding under the Enforcement of Foreign Judgments Act is whether the judgment sought to be recognized is one that is entitled to full faith and credit.
A state may deny full faith and credit to a judgment rendered by a court of another state only when it is shown that the court which rendered the judgment lacked jurisdiction over the parties or the subject matter. U.S.C.A. Const. Art. 4, § 1; American Standard Leasing v. Plant Special., 427 So.2d 555 (La.App. 3 Cir.1983). There is a general presumption that a court of a sister state had jurisdiction to render the judgment in the case before it and it is incumbent upon the person attacking the judgment to show by clear and positive proof that the rendering court was without jurisdiction. American Standard Leasing v. Plant Special., supra.
The defendant here does not argue that the Mississippi court was without authority to render the judgment against him. The Mississippi judgment must be presumed, therefore, to be entitled to full faith and credit. See Cook v. Williams, 434 So.2d 127 (La.App. 5 Cir.1983).
The defendant contends, however, that he does not fit into the classifications listed *450 under the Long Arm Statute, LSA-R.S. 13:3201, and therefore the Louisiana court had no basis to exercise jurisdiction over him to recognize the foreign judgment.
That argument is erroneous. Under Subsection B of the statute, “a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.” Such jurisdiction in an action to recognize and enforce a foreign judgment of support owed to a child domiciled in this state is within the limits allowed by due process.
Finally, the defendant’s exception of improper venue is without merit. LSA-C. C.P. art. 74.2 provides that a proceeding to establish an obligation of support may be brought in the parish where a party is domiciled. Because Ms. Terry is domiciled in Jefferson Parish, venue was proper.
For the foregoing reasons, the judgment of the district court is affirmed. Costs of this appeal are assessed against the appellant.
AFFIRMED.

. These parties were previously before this court in an appeal arising from a separate case, in which Ms. Terry’s present husband. Jack Terry, was allowed to adopt the two minor children as a result of John Biggers’ failure to pay child support for more than one year after the custody judgment was rendered. In Re Terry, 503 So.2d 60 (La.App. 5 Cir.1987).