jaGONZALES, Judge.
This is an appeal from a trial court judgment, dismissing with prejudice an action to disavow paternity.
FACTS
On February 21, 1992, Wilbert Scott, Jr.[1] filed an action to disavow paternity of a child born during his marriage to Linda Lathers Scott. On March 11, 1992, Linda Lathers Scott filed a motion to dismiss the disavowal action, claiming that the action was frivolous. Pursuant to an order of the trial court, a show cause hearing on the matter was held on March 24, 1992. Neither plaintiff nor his attorney was present at the hearing. Accordingly, the disavowal action was dismissed with prejudice. On April 21, 1992, the judgment of dismissal was signed.
On June 9, 1992, plaintiff filed a motion to set aside the judgment of dismissal, contending that neither he nor his attorney received notice of the March 24,1992 hearing date. On June 30, 1992, the trial court denied the motion to set aside the judgment of dismissal. Plaintiff appealed, contending that the trial court erred in dismissing his disavowal action, because neither he nor his attorney received notice of the hearing date.[2] Plaintiff argues that the judgment should be annulled under La.C.C.P. art. 2002(2).
DISCUSSION
Article 2002(2) of the Louisiana Code of Civil Procedure provides that a final judgment shall be annulled if it is rendered against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against Iswhom a valid judgment by default has not been taken. Because we find that plaintiff is entitled to relief on other grounds, we need not decide whether article 2002(2) can be asserted by a plaintiff (rather than a defendant) alleging that he did not receive notice of a hearing which resulted in dismissal of his petition with prejudice.
According to La.C.C.P. art. 2595, “[ujpon reasonable noticeí,] a summary proceeding may be tried in open court or in chambers, in term or in vacation; and shall be tried by preference over ordinary proceedings, and without a jury, except as otherwise provided by law.” (Emphasis added.) Because rules applicable to the trial of cases in district courts of this state are also applicable to the trial of cases in the Family Court of East Baton Rouge Parish, the article 2595 requirement that a summary proceeding only be tried “upon reasonable notice” is applicable to the March 24,1992 hearing at issue in this case. La.R.S. 13:1402.[3] Therefore, unless the plaintiff was given reasonable notice of the hearing on his petition to disavow paternity, then the dismissal of his petition with prejudice was in error.
In the instant ease, the trial judge informed plaintiff’s counsel that the party filing a rule is responsible for finding out when the *1208 rule has been set to be heard. During the hearing at the rule to annul the judgment, the following exchange took place between plaintiffs counsel and the trial judge:
Mr. Nalls: Your honor, I certainly think that would be an abomination of justice to grant the request that he requested.... Number one, yes we filed a motion to disavow paternity. We never received a notice that the case had been set for hear-mg.
The Court: Sir. Sir for the record, you wouldn’t, it’s up to the person who has filed it to proceed and trace it down and find out when the rule would be heard.
Assuming that the above statement by the trial judge is correct — that is, that it was uthe responsibility of plaintiffs counsel to track down the rule he filed and find out when it was going to be heard — we find that this practice is violative of the requirement contained in La.C.C.P. art. 2595 which mandates that summary proceedings only be tried upon reasonable notice. Although article 2595 does not require that any particular type or kind of notice be given, it does require that some procedure exist whereby the parties are afforded reasonable notice of hearing dates in summary proceedings.[4]
The order fixing plaintiffs petition for hearing on March 24, 1992 is located at the bottom of the last page of the petition. However, the record does not indicate whether the date, which is handwritten into the typewritten order, was supplied upon the initial fifing of the petition or by subsequent action of the trial court or the Family Court’s clerk of court. Had plaintiffs attorney received the date when the petition was originally filed and simply thereafter neglected to calendar or appear for the hearing, we would have no problem finding that reasonable notice of the hearing had been given to plaintiff. However, because the record does not clearly indicate when the date was handwritten into the order, we cannot presume that the date was supplied at the time the petition was filed.
It is also notable that the Rules of the East Baton Rouge Family Court are silent with regard to notice requirements for a rule to show cause hearing. Rule 7, § 1 provides for notice requirements for assignments of uncontested cases “other than rules to show cause and criminal cases;” Rule 7, § 6 provides for notice of the assignment date for all motions and exceptions “other than rules to show cause;” and Rule 12, which governs the assignment of contested cases, requires that pre-trial conferences be scheduled for the purpose of assigning a trial date, “except [for] rules and exceptions or motions heard on rule day.”
Is A review of the rules of other district courts indicates that many have rules for service of notice fixing a hearing date on a rule. For example, Rule VI, § 2(C) of the Rules of the Nineteenth Judicial District Court, which pertains to the assignment of cases coming up on rules, exceptions, and motions, provides that “[wjithin one judicial day after any assignment is made, the Clerk of Court or one of his deputies shall mail a written notice of said assignment to counsel for all parties as well as to every party thereto not represented by counsel.” Although we do not suggest that the practice in the Nineteenth Judicial District is the only manner in which notice of hearings on rules should be made, Rule VI, § 2(C) is illustrative of one proper means by which a district court could attempt to insure that a plaintiff-in-rule receives “reasonable” notice of a hearing set on the rule he has filed, as is required by La.C.C.P. art. 2595.
CONCLUSION
Accordingly, for the above reasons, we find that there is insufficient proof that plaintiff received reasonable notice of the trial of his petition for disavowal, and reverse the judgment dismissing his petition with prejudice. This ease is remanded to the Family Court of *1209 East Baton Rouge Parish for further proceedings. Costs of this appeal are assessed to Linda Lathers Scott.
REVERSED AND REMANDED.
CARTER, J., dissents and assigns reasons.

. Although the heading of the petition identifies plaintiff as "Wilbur Scott, Jr.," and a signature appearing on an exhibit indicates that plaintiff’s name is "Willard Scott, Jr.,” the transcript of the hearing on the disavowal action indicates that plaintiff's name is "Wilbert Scott, Jr.” Herein, plaintiff is referred to as “Wilbert Scott, Jr.”

. In her brief to this court, Linda Lathers Scott argues, that, at the time Scott filed the petition to disavow paternity, the action had prescribed. However, a peremptory exception pleading the objection of prescription was not filed with this court prior to the submission of this case. Therefore, the issue is not properly before us on appeal. See La.C.C.P. art. 2163. Moreover, this court cannot notice the objection of prescription ex proprio motu. See La.C.C.P. art. 927.

.Louisiana Revised Statute 13:1402 provides, in pertinent part, as follows:
The rules of evidence, the pleadings, and other matters in the trial of cases in the family court shall be the same as are provided for the trial of cases in the district courts of the state.

. In finding that the Family Court of East Baton Rouge Parish is required to implement a procedure designed to afford reasonable notice of hearings in summary proceedings, we express no opinion regarding what that procedure should entail. The decision as to whether the responsibility of providing notice will be borne by the court itself, or assigned to the clerk's office, or to the parties involved is properly left to the discretion of the Family Court.