hLANDRIEU, Judge.
Appellant, Jeffrey Cross, appeals the judgment of the Juvenile Court contending that the court erred in denying his exceptions of Lack of Subject Matter Jurisdiction, No Cause of Action, No Right of Action and Vagueness. We reverse.
On February 17, 1988, Richard A. Wilson was born in Omaha Nebraska to Diane E. Wilson. Jeffrey Cross is his biological father. A Consent Judgment was rendered in the matter of Diane Wilson versus Jeffrey Cross in the District Court of Douglas County Nebraska wherein Mr. Cross was ordered to pay the sum of $200.00 per month child support.
Mr. Cross subsequently relocated and established his domicile in Orleans Parish, Louisiana, while Ms. Wilson and the child remained in Nebraska. In April of 1991, proceedings were instituted in Orleans Parish Juvenile Court pursuant to the Uniform Reciprocal Enforcement of Support Act (URE-SA) at the request of Nebraska, the initiating state. The Interstate Child Support Enforcement Transmittal requested enforcement of the existing support order and initi *799 ation of interstate wage withholdings. After a hearing in the matter, on October 30, 121991, the Juvenile Court ordered continuation of the $200.00 per month payments and established arrearages in the amount of $4,600.00 to be paid at the rate of $40.00 per month in addition to the primary support payment. An Immediate Income Assignment Order was entered.
Subsequently, the State of Nebraska sent a transmittal to the URESA department of the Orleans Parish District Attorney’s Office requesting a modification of the existing support order, medical support for the minor child and collection of arrears. Accordingly, the Orleans Parish District Attorney’s Office filed a Motion for Rule To Show Cause Why Mi Increase In Child Support Should Not Be Granted. In response, Mr. Cross filed the exceptions of Lack of Subject Matter Jurisdiction, No Cause of Action, No Right of Action and Vagueness. After a hearing was held in the matter, the Hearing Officer denied the exceptions. Mr. Cross appealed the Hearing Officer’s recommendations and after a hearing before the Juvenile Court, the Court affirmed the findings of the Hearing Officer. It is from this judgment that Mr. Cross appeals.
Appellant asserts several arguments on appeal. First, he contends that the Juvenile Court has no subject matter jurisdiction to modify an existing Nebraska judgment via a URESA proceeding. He urges that a URESA judgment cannot modify an original support order because the URESA proceeding is an enforcement mechanism and cannot substitute for or modify the original proceeding. Appellant maintains that although a responding court need not stay its URESA proceedings because of a prior action, if that action provides for support the responding court must enforce the support order in the amount set in the original proceeding. La. Ch.Code art. 1332 (West 1995). Therefore, the Juvenile Court is without jurisdiction to modify the Nebraska order absent appropriate proceedings in Louisiana to re-adjudicate the matter.
IsHe asserts that the appropriate action would be for Ms. Wilson to seek a modification of the support award in the Nebraska district court or to have the appropriate Louisiana district court recognize the Nebraska judgment and modify the same upon the request of either party. Again, he urges that Ms. Wilson should not be allowed to modify the Nebraska support award through URE-SA proceedings.
On the other hand, the State argues that the Orleans Parish Juvenile Court has subject matter jurisdiction over this case because URESA proceedings were instituted in Orleans Parish, and through this action the Nebraska judgment was recognized and made a Louisiana support order. The State cites La.Civ.Code Proc.Ann. art. 2541 (West 1961), for the proposition that a party seeking execution or recognition by a Louisiana court of a judgment of another state may bring an ordinary proceeding against the judgment debtor in the proper Louisiana court to have the judgment recognized and “made the judgment of the Louisiana Court.” It is the State’s position that it does not seek to modify the Nebraska judgment, rather it seeks merely to amend a judgment that has been made its own. The State maintains that Nebraska judgment will remain in effect, and any payments made pursuant to the Nebraska judgment will credited against amounts accruing in Louisiana.
While this Court agrees that the Orleans Parish Juvenile Court has subject matter jurisdiction over the URESA proceedings in this case, we do not agree that it has the authority to modify a valid judgment setting child support payments from the initiating state. A judgment rendered pursuant to URESA can not have the effect of modifying or superseding previous judgment of support rendered in a civil proceeding. Trice v. Trice, 428 So.2d 1265 (La.App. 3rd Cir.1983). The judgment of the Nebraska court was made executory in Louisiana through the URESA proceeding, however the URESA proceeding pis an enforcement tool and not a substitute for other remedies such as a modification of the original award through appropriate channels.
Two proper avenues exist for modification of the original support award. Ms. Wilson could initiate modification of the Nebraska *800 judgment in the Nebraska District Court, or she could have the appropriate district court in Louisiana recognize the judgment and there invoke the proper proceedings for obtaining an increase in child support. However, the Orleans Parish Juvenile Court does not have subject matter over a URESA proceeding being used to modify a valid Nebraska child support judgment. URESA was intended to provide a simple vehicle to aid children in the interstate enforcement of foreign child custody and support awards. Again, URESA was not intended to be used to supersede or modify a previous judgment of support issued in a previous civil proceeding. As we find that the Juvenile Court lacks subject matter jurisdiction over the modification proceeding, the other exceptions filed by appellant are now moot.
For the foregoing reasons, the Juvenile Court’s judgment denying the appellant’s exception of Lack of Subject Matter Jurisdiction is reversed.

REVERSED.