826 So.2d 1 (2001)
KERR-MCGEE CORPORATION
v.
Shirley McNAMARA, Secretary of Revenue and Taxation, State of Louisiana.
No. 2000 CA 0770.
Court of Appeal of Louisiana, First Circuit.
June 22, 2001.
*2 William M. Backstrom, Jr., New Orleans, LA, for plaintiff/appellee, Kerr-McGee Corporation.
Frederick Mulhearn, Geneva Landrum, Baton Rouge, LA, for defendant/appellant, Brett Crawford, Secretary, Department of Revenue, State of Louisiana.
BEFORE: WHIPPLE, KUHN and DOWNING, JJ.
WHIPPLE, J.
The Louisiana Department of Revenue and Taxation appeals from a judgment of the trial court, granting the motion for summary judgment filed by Kerr-McGee Corporation ("Kerr-McGee") and awarding Kerr-McGee reimbursement in the amount of $292,499.00 for sales taxes paid under protest. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
Kerr-McGee instituted this action for reimbursement of sales taxes it paid under protest for the taxable period beginning on April 1, 1987, and ending April 30, 1987. In its petition, Kerr-McGee alleged that it conducted oil and gas exploration and production operations in waters in the Gulf of Mexico beyond territorial limits of the state of Louisiana. It further alleged that while conducting these operations, Kerr-McGee purchased materials, equipment and supplies that were either: immediately loaded upon offshore supply vessels and delivered to the offshore drilling and productions platforms it owned or operated, for consumption and use exclusively on those platforms; loaded upon the offshore supply vessels and used or consumed in the maintenance and operation of those vessels while they were operating exclusively in foreign or interstate commerce; or stored temporarily in Louisiana for exclusive use on the offshore platforms.
Kerr-McGee contended that no Louisiana sales or use taxes were due on these transactions, because the goods were not used or consumed in Louisiana, but, instead, were used or consumed beyond the territorial limits of the state of Louisiana. During the pendency of this matter, Kerr-McGee continued to pay under protest sales taxes on the purchase of goods as described above through June of 1989, the *3 period during which certain tax exemptions were suspended by the Legislature. The total amount of taxes paid under protest was $292,449.00.
The Department of Revenue and Taxation ("the Department") filed a motion for judgment on the pleadings, contending that even accepting the allegations of Kerr-McGee's petition as true, Kerr-McGee was not entitled to any relief, and the Department was entitled to judgment in its favor.[1] The Department contended that while there were statutory exemptions governing the purchase of materials to be used or consumed in foreign or interstate coastwise commerce or exclusively beyond the territorial limits of Louisiana, those exemptions were either inapplicable to the transactions at issue or had been suspended by the Legislature during the period at issue. The Department further contended that while Kerr-McGee may have been engaged in interstate commerce, the purchases at issue were not part of interstate commerce. Thus, these purchases were not exempt from taxation.
Kerr-McGee then filed a motion for summary judgment, contending that: there were no material facts in dispute; the goods in question were used or consumed exclusively outside the territorial limits of Louisiana in interstate and foreign commerce; and therefore it was entitled to judgment in its favor as a matter of law, finding that these purchases were excluded from taxation pursuant to LSA-R.S. 47:305(E). In support of its motion, Kerr-McGee submitted the affidavit of L.E. Cox, the manager of domestic accounting for Kerr-McGee, who attested to the activities of Kerr-McGee in the Gulf of Mexico outside the territorial limits of Louisiana. He explained that in connection with its oil and gas exploration and production operations, Kerr-McGee chartered various vessels to transport materials, equipment and supplies to its offshore platforms. He further stated that these supplies were delivered by vendors to points in Louisiana and immediately loaded onto these vessels or temporarily stored before they were loaded onto one of the vessels for transport to the offshore platforms. Cox attested that these materials, equipment and supplies were consumed either in the maintenance and operation of the transport vessels or on the offshore platforms.
After a hearing on both motions, the trial court denied the Department's motion and granted Kerr-McGee's motion, finding that the goods were used or consumed exclusively outside the territorial limits of Louisiana and were "in no way used in intrastate commerce." From this judgment, the Department appeals, contending that the trial court erred in denying its motion and granting Kerr-McGee's motion when the undisputed facts show that Kerr-McGee made purchases in Louisiana such that the taxation was not exempted under law.
At oral arguments before this court, held on May 10, 2001, counsel for the Department indicated for the first time that the Department contemplated filing exceptions in this matter and attempted to argue the merits of the exceptions. Thereafter, on May 18, 2001, the Department filed a declinatory exception raising the objection of lack of subject matter jurisdiction and peremptory exceptions *4 raising the objections of prescription and no right of action. We address these exceptions first.

EXCEPTIONS RAISED BY THE DEPARTMENT ON APPEAL

Peremptory Exceptions of Prescription and No Right of Action
In its exception of prescription, the Department contends that Kerr-McGee did not comply with the time limitations imposed by LSA-R.S. 47:1576, which requires that the taxpayer file suit to recover a tax paid under protest within thirty days of the payment.[2] The Department argues that, according to the petition, it paid the protested tax for April of 1987 with the filing of its tax return for that period. According to the Department, the sales tax return for April of 1987 would have been due on May 20, 1987, as provided in LSA-R.S. 47:306(A). Thus, it contends that Kerr-McGee would have had thirty days from May 20, 1987, within which to file suit, which would have been June 19, 1987. Because the instant suit was not filed by Kerr-McGee until June 22, 1987, the Department contends that this action is barred by prescription. Additionally, the Department contends that because Kerr-McGee has failed to follow the requisites of the statute to which it claims entitlement, it had no right of action herein.
Kerr-McGee, on the other hand, contends that these exceptions should be rejected as untimely. We agree. Louisiana Code of Civil Procedure article 2163 provides as follows:
The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.
If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception.
Thus, while peremptory exceptions raising the objections of prescription and no right of action may be raised for the first time in the appellate court, Blanchard v. Southern Pacific Transportation Company, 93-1155, p. 4 (La.App. 1st Cir. 4/8/94), 635 So.2d 742, 744, Lambert v. Donald G. Lambert Construction Co., 370 So.2d 1254, 1255 (La.1979), the peremptory exception should be pleaded prior to submission of the case for a decision. LSA-C.C.P. art. 2163; Firmin, Inc. v. Denham Springs Floor Covering, Inc., 595 So.2d 1164, 1172 (La.App. 1st Cir.1991) (on application for rehearing); see also Scott v. Scott, 92-2378, p. 2 n. 2 (La.App. 1st Cir. 6/24/94), 638 So.2d 1206, 1207 n. 2.
In the instant case, the Department did not file its peremptory exceptions until after this appeal had been fully argued both in briefs and orally and had, thus, been submitted for decision (and almost fourteen years after suit was filed herein). Although a time period was specified for the filing of any exceptions, as all counsel were informed, the matter was deemed submitted on the record existing at the conclusion of the arguments, unless a valid objection to jurisdiction existed. Accordingly, we conclude that these exceptions are not properly before us on appeal. See Scott, 92-2378 at p. 2 n. 2, 638 So.2d at 1207 n. 2; see also Dawes v. Kinnett, 99-3157, 99-3158, 99-3159 at p. 6 n. 1, (La. App.4th Cir. 1/17/01), 779 So.2d 978, 982 n. 1.

*5 Declinatory Exception Raising the Objection of Lack of Subject Matter Jurisdiction

The Department also filed a declinatory exception raising the objection of lack of subject matter jurisdiction, contending that, at the time this lawsuit was instituted, suit filed in district court to recover a payment under protest as provided in LSA-R.S. 47:1576, was not the appropriate remedy available to a taxpayer seeking to recoup tax paid in connection with the filing of a tax return. Rather, the Department contends, subject matter jurisdiction for a refund of tax paid with the filing of a return is vested in the Board of Tax Appeals.
An appellate court has discretion to consider an exception of lack of subject matter jurisdiction filed in the appellate court, because the exception goes to the core of the validity of a judgment and is not subject to the waiver provisions generally affecting declinatory exceptions. Harbour v. Harbour, 95-2168, p. 3 n. 2 (La. App. 1st Cir. 6/28/96), 677 So.2d 700, 702 n. 2. Subject matter jurisdiction is the legal power and authority of a tribunal to hear and determine a particular class of actions or proceedings, based upon the object of demand, the amount in dispute, or the value of the right asserted. LSA-C.C.P. art. 2. A judgment rendered by a tribunal which has no jurisdiction over the subject matter of the action or proceeding is void. LSA-C.C.P. art. 3; Harding v. Jackson, 96-2273, p. 3 (La.App. 1st Cir. 11/7/97), 701 So.2d 1386, 1388. Thus, the exception raising the objection of lack of subject matter jurisdiction addresses the court's authority to adjudicate the claim before it.
The Louisiana Constitution vests the district courts with jurisdiction over all "civil and criminal matters," except as otherwise authorized by the constitution. LSA-Const. art. V, § 16; Robinson v. Ieyoub, 97-2204, p. 2 (La.App. 1st Cir. 12/28/98), 727 So.2d 579, 581, writs denied, 99-0933, 99-0981 (La.9/17/99), 747 So.2d 1096, 1097. The cause of action before this court, as set forth in Kerr-McGee's petition, is a claim for a refund of sales taxes paid under protest pursuant to LSA-R.S. 47:1576.
At all times pertinent hereto, LSA-R.S. 47:1576 provided, in pertinent part, as follows:
A. Any taxpayer protesting the payment of any amount found due by the secretary of the Department of Revenue and Taxation, or the enforcement of any provision of the tax laws in relation thereto, shall remit to the Department of Revenue and Taxation the amount due and at that time shall give notice of intention to file suit for the recovery of such tax. Upon receipt of this notice, the amount remitted shall be placed in an escrow account and held by the secretary or his duly authorized representative for a period of thirty days. If suit is filed for recovery of the tax within the thirty-day period, the funds in the escrow account shall be further held pending the outcome of the suit. If the taxpayer prevails, the secretary shall refund the amount to the claimant, with interest at the rate established pursuant to Civil Code Article 2924(B)(3) from the date the funds were received by the Department of Revenue and Taxation to the date of such refund. Payments of interest authorized by this Section shall be made from funds derived from current collections of the tax to be refunded.
B. This Section shall afford a legal remedy and right of action in any state court having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this *6 Subtitle as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such action, service of process upon the secretary shall be sufficient service, and he shall be the sole necessary and proper party defendant in any such suit.
C. This Section shall be construed to provide a legal remedy in the state courts in case such taxes are claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any Act of Congress or the United States Constitution, or the Constitution of Louisiana.
LSA-R.S. 47:1576 (prior to amendment by Acts 1991, No. 558, § 1, Acts 1997, No. 270, § 1, and Acts 1999, No. 200, § 1).
The Department does not contest that a claim made pursuant to LSA-R.S. 47:1576 is a civil matter over which the district court had subject matter jurisdiction. Rather, the essence of the Department's argument herein is that the proper procedure for instituting a claim pursuant to LSA-R.S. 47:1576 was not followed herein, i.e., that Kerr-McGee is not within the class of persons to which the law grants a remedy under this statute. Thus, the Department's arguments are truly in the nature of an exception of no right of action, challenging Kerr-McGee's right to bring an action under LSA-R.S. 47:1576. As such, for the reasons stated above, this exception, which is truly a peremptory exception of no right of action, is also filed untimely and is not properly before this court. See Scott, 92-2378 at p. 2 n. 2, 638 So.2d at 1207 n. 2; see also Dawes v. Kinnett, 99-3157, 99-3158, 99-3169 at p. 6 n. 1, 779 So.2d at 982 n. 1.
Moreover, even if this exception were considered a proper challenge to the subject matter jurisdiction of the district court, we find no merit to the arguments set forth by the Department. The Department contends that the remedy provided by LSA-R.S. 47:1576 is only available for those taxpayers who protest the payment of "any amount found due by the Secretary of the Department of Revenue." According to the Department, an amount is found to be due by the Secretary through an audit of the taxpayer's books and records and subsequent enforcement of the tax law through the assessment process. Thus, the Department argues, because there was no assessment issued by the Department following an audit, Kerr-McGee is not entitled to the remedy of a suit to recover a tax paid under protest as provided in LSA-R.S. 47:1576. We disagree.
Pursuant to LSA-R.S. 47:1568, "[w]henever a taxpayer files returns and computes the amount of any tax due, such tax ... shall be considered assessed and shall be entered by the collector as an assessment in his official records without the necessity of observing the delays or giving the notice ordinarily required prior to assessment." Accordingly, we find that when Kerr-McGee filed its sales tax return for April of 1987 and issued payment under protest for the amount of tax it computed, the sales tax at issue was deemed "assessed" pursuant to LSA-R.S. 47:1568. Thus, Kerr-McGee was entitled to the remedy of a suit to recover a tax paid under protest as provided in LSA-R.S. 47:1576. For these reasons, even assuming the Department properly raised this argument through the exception of lack of subject matter jurisdiction, the exception is denied. Thus, we now turn to a discussion of the issues raised by the Department's assignments of error.

DISCUSSION

Granting of Summary Judgment
We first address the Department's contention that the trial court erred in *7 granting Kerr-McGee's motion for summary judgment and in ordering the Department to refund to Kerr-McGee the sales taxes paid under protest. The Department acknowledges that there are no material facts in dispute, but, instead, contends that the trial court erred as a matter of law in concluding that LSA-R.S. 47:305(E) excluded the purchases at issue from taxation.
Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action. Accordingly, the procedure is favored and shall be construed to accomplish these ends. LSA-C.C.P. art. 966(A)(2). A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." LSA-C.C.P. art. 966(B). Appellate courts review summary judgment de novo under the same criteria that governs the trial court's consideration of whether summary judgment is appropriate. Terrebonne v. Floyd, 99-1036, p. 5 (La.App. 1st Cir. 5/23/00), 767 So.2d 754, 756-757.
Louisiana law imposes a tax upon the sale at retail, use, consumption, distribution and storage for use or consumption of tangible personal property in Louisiana. LSA-R.S. 47:302(A) & 47:331(A). The transactions at issue herein involve the sale of tangible personal property and are generally subject to taxation unless they qualify for either an exemption or an exclusion from taxation. A tax exemption is a provision that exempts from tax a transaction which would, in the absence of the exemption, otherwise be subject to tax. An exclusion, on the other hand, relates to a transaction which is not taxable because it falls outside the scope of the statute giving rise to a tax, ab initio. Tarver v. World Ship Supply, Inc., 615 So.2d 423, 426 (La.App. 4th Cir.), writ denied, 616 So.2d 672 (La.1993).
The Department asserts that the exemptions which generally apply to these types of transactions were not available to Kerr-McGee herein. Specifically, LSA-R.S. 47:305.1(B) provides a tax exemption to the owner or operator of a vessel for purchases of materials and supplies consumed on vessels "operating exclusively in foreign or interstate coastwise commerce." However, the Department contends that this exemption was suspended, at least partially, during the taxable period in question, and, even if not suspended, it would not have applied herein, where Kerr-McGee was not the owner or operator of the vessels upon which the supplies in question were consumed.
Additionally, LSA-R.S. 47:305.10 exempts from taxation purchases for first use "exclusively beyond the territorial limits of Louisiana." The Department contends that, while the transactions at issue herein would have been exempt from taxation pursuant to this statute, the Legislature had also partially suspended this exemption during the taxable periods at issue.[3]
Nonetheless, Kerr-McGee notes that it is claiming entitlement to a refund based upon the exclusion provided in LSA-R.S. 47:305(E) and that it has not sought a refund pursuant to the above-mentioned exemptions. It contends that as a result of the suspension of the exemptions contained in LSA-R.S. 47:305.1(B) and *8 47:305.10, it is the exclusion set forth in LSA-R.S. 47:305(E) which controls the issues in this case. Louisiana Revised Statute 47:305(E) provides, in pertinent part, as follows:
(1) It is not the intention of this Chapter to levy a tax upon articles of property imported into this state, or produced or manufactured in this state, for export; nor is it the intention of this Chapter to levy a tax on bona fide interstate commerce.... It is, however, the intention of this Chapter to levy a tax on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in this state, of tangible personal property after it has come to rest in this state and has become a part of the mass of property in this state. (Emphasis added).
Thus, even in the absence of the exemptions, transactions may nonetheless be excluded from Louisiana sales or use taxes pursuant to LSA-R.S. 47:305(E) if they involve "bona fide interstate commerce." See generally Tarver, 615 So.2d at 426-427 (Irrespective of the suspension of tax exemptions, purchases of supplies to be consumed on a voyage to a foreign port were excluded from taxation pursuant to LSA-R.S. 47:305(E) as goods for export); see also International Export Packers of Louisiana, Inc. v. State, 422 So.2d 1361 (La.App. 1st Cir.1982) (Purchase of materials to construct packing crates for transporting exports were both excluded from taxation pursuant to LSA-R.S. 47:305(5) (the predecessor to R.S. 47:305(E)) and exempt from taxation pursuant to LSA-R.S. 47:305.10), and St. John the Baptist Parish School Board v. Degesch America, Inc., 617 So.2d 234 (La.App. 5th Cir.), writ denied, 620 So.2d 847 (La.1993) (Fumigants imported into Louisiana and used to treat grain shipped to foreign countries were both excluded and exempted from sales and use taxes as part of interstate and foreign commerce). Accordingly, the issue presented herein is whether the materials, equipment and supplies purchased by Kerr-McGee were to be used in "bona fide interstate commerce."
The Louisiana Supreme Court in Sales Tax District No. 1 of the Parish of Lafourche v. Express Boat Company, Inc., 500 So.2d 364, 369 (La.1987), held that vessels which sailed from points in Louisiana and Texas to points on the outer continental shelf to deliver supplies to offshore drilling vessels and platforms and which then returned to points in Louisiana and Texas were engaged in foreign or interstate coastwise commerce.
The Court in Express Boat construed the meaning of an exemption to a local taxing ordinance which tracked the language of LSA-R.S. 47:305.1(B), providing an exemption from sales tax for materials and supplies purchased by owners or operators of ships operating exclusively in "foreign or interstate coastwise commerce" The Court held that the correct interpretation of "foreign or interstate coastwise commerce" encompassed crossing the territorial boundaries of the state of Louisiana and the United States and venturing onto the Outer Continental Shelf, and that engaging in "foreign or interstate commerce" did not require that the terminus of the vessel's voyage be in another foreign state or country. Express Boat, 500 So.2d at 368. The Court further noted that the terms "foreign commerce" and "interstate coastwise commerce" have a well-established legal meaning which is broader that the limited definition the Department attempted to give it and that activities similar to those carried out by the vessels therein had consistently been characterized as "foreign commerce." Express Boat, 500 So.2d at 369 (citing The Vessel Abby Dodge v. U.S., 223 U.S. 166, 32 S.Ct. *9 310, 56 L.Ed. 390 (1912)), and Lord v. Goodall, Nelson & Perkins Steamship Company, 102 U.S. 541, 26 L.Ed. 224 (1880).
Thus, the Court concluded that merely by navigating the high seas, vessels venturing into the Gulf of Mexico beyond the territorial boundaries of the State of Louisiana and the United States are engaging in foreign commerce. Express Boat, 500 So.2d at 370. Upon finding that the vessels were engaged in foreign or interstate coastwise commerce, the Court accordingly held that the purchases of materials and supplies for use and consumption in the operation of the vessels were exempt from taxation.
We note that the vessels involved in Express Boat were performing essentially the same services as the vessels at issue herein. While the Court in Express Boat addressed the applicability of an exemption rather than the exclusion set forth in LSA-R.S. 47:305(E), we find the analysis equally applicable herein. Because the purchases at issue involved supplies consumed beyond the territorial boundaries of the state of Louisiana or in the operation of vessels crossing the territorial boundaries of the state, they were utilized in interstate coastwise commerce. Thus, we conclude that the supplies purchased herein were used exclusively in interstate commerce as contemplated by LSA-R.S. 47:305(E).
In fact, the Department acknowledges that Kerr-McGee "may have engaged in interstate commerce." Nonetheless, it contends that the transactions at issue were not part of interstate commerce. The Department avers that LSA-R.S. 47:305(E) excludes taxation only on interstate commerce itself, and does not exclude taxation on purchases of supplies utilized in interstate commerce. We cannot agree with such a strained interpretation of this exclusion.
As noted above, the supplies purchased herein were consumed exclusively in the operation of vessels engaged in interstate commerce or on Kerr-McGee's platforms beyond the territorial limits of the state of Louisiana. In our view, the purchases at issue form such an integral part of Kerr-McGee's activities in interstate or foreign commerce as to be clearly excluded from taxation pursuant to the provisions of LSA-R.S. 47:305(E).

Denial of Motion for Judgment on the Pleadings
Because we have found no error herein by the trial court in granting Kerr-McGee's motion for summary judgment, we pretermit discussion of the Department's contention that the trial court erred in denying its motion for judgment on the pleadings and in failing to dismiss Kerr-McGee's claim for a refund.

CONCLUSION
For the above and foregoing reasons, the peremptory exceptions raising the objections of prescription and no right of action, filed by the Department of Revenue and Taxation after submission of the case for decision by this court, are denied as untimely. The declinatory exception raising the objection of lack of subject matter jurisdiction is likewise denied. The February 10, 2000 judgment of the trial court is affirmed. Costs of this appeal in the amount of $658.08 are assessed against the Louisiana Department of Revenue and Taxation.
PEREMPTORY EXCEPTIONS OF PRESCRIPTION AND NO RIGHT OF ACTION DENIED AS UNTIMELY; DECLINATORY EXCEPTION OF LACK OF SUBJECT MATTER JURISDICTION *10 DENIED; FEBRUARY 10, 2000 JUDGMENT AFFIRMED.
NOTES
[1] Pursuant to LSA-C.C.P. art. 965, any party may move for a judgment on the pleadings once an answer is filed. For purposes of the motion, all allegations of fact in the mover's pleadings not denied by the adverse party or by effect of law and all allegations of fact in the adverse party's pleadings shall be considered true. See Succession of Mack, 366 So.2d 1063 (La.App. 1st Cir.1978).
[2] See Bagneris v. City of New Orleans, 130 So.2d 421, 424 (La.App. 4th Cir.1961).
[3] For a thorough and detailed discussion of the various legislative acts suspending these exemptions, see Tarver, 615 So.2d at 424-425.