770 So.2d 433 (2000)
Leon Nicholas BORDELON
v.
Theresa Ann DEHNERT.
No. 99 CW 2625-R.
Court of Appeal of Louisiana, First Circuit.
September 22, 2000.
*434 Stephen P. Sheets, Gonzales, Counsel for Plaintiff/Appellee Leon Nicholas Bordelon.
Nancy Sue Gregorie, Edmund M. Brown, Baton Rouge, Counsel for Defendant/Appellant Theresa Ann Dehnert.
Before: CARTER, C.J., WEIMER, J., and FONTENOT,[1] J. Pro Tem.
WEIMER, J.
This domestic matter is before us following remand by the Louisiana Supreme Court. The matter was previously before us on a supervisory writ after the trial court's denial of the non-resident defendant's declinatory exception of lack of personal jurisdiction in a proceeding for child support. Finding applicable the Uniform *435 Interstate Family Support Act (UIFSA), LSA-Ch.C. art. 1301.1, et seq., we conclude the courts of Louisiana lack subject matter jurisdiction. Thus, we vacate the judgment of the trial court and dismiss plaintiffs demand for child support.

BACKGROUND
Leon N. Bordelon and Theresa Ann Dehnert were divorced in 1993 in the state of Virginia. The final decree of divorce awarded the physical custody of the minor child of the marriage to Mr. Bordelon who had relocated in Louisiana.
On May 3, 1999, Mr. Bordelon filed a petition in the Twenty-Third Judicial District Court for the Parish of Ascension seeking: to make the Virginia judgment executory; to modify the visitation schedule for the best interests of the minor child; and to obtain child support from Ms. Dehnert.
The trial court made the Virginia divorce judgment executory, and Mr. Bordelon's petition was served on Ms. Dehnert via the Louisiana long arm statute, LSA-R.S. 13:3201. Ms. Dehnert filed a declinatory exception of lack of personal jurisdiction and insufficiency of service of process. The trial court granted the exception with regard to the demand for child support, ruling personal jurisdiction could not be obtained pursuant to the long arm statute on that issue. The trial court ruled there was personal jurisdiction for the purpose of determining the custody and visitation issues.[2]
On August 26, 1999, Mr. Bordelon filed another rule for child support. The next day, August 27, 1999, Ms. Dehnert was personally served with this rule while she was physically present in the Parish of Ascension to attend a previously set hearing on the visitation issue. Ms. Dehnert then filed a declinatory exception of lack of personal jurisdiction and a peremptory exception of no cause of action.
The trial court denied Ms. Dehnert's exceptions, ruling that personal jurisdiction attached when Ms. Dehnert was personally served within the state and that Mr. Bordelon's rule to show cause stated a valid cause of action. Ms. Dehnert applied for supervisory writs to this court, which were denied. Thereafter, Ms. Dehnert applied to the Louisiana Supreme Court for supervisory and/or remedial writs on the exception of lack of personal jurisdiction only. The Louisiana Supreme Court remanded the matter to this court for briefing, argument and opinion. In compliance with the remand, briefing was ordered, and subsequently the parties were also ordered to brief the issue of subject matter jurisdiction.

DISCUSSION
Subject matter jurisdiction is a threshold issue because a judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. See LSA-C.C.P. art. 3. Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. LSA-C.C.P. art. 2. Subject matter jurisdiction cannot be waived by the parties and the lack thereof can be recognized by the court at any time, with or without formal exception. LSA-C.C.P. arts. 3 and 925; Boeing Company v. Louisiana Department of Economic Development, 94-0971, p. 12 (La. App. 1 Cir. 6/23/95), 657 So.2d 652, 659. In the instant case, irrespective of the parties' initial identification of the issue on appeal as one involving personal jurisdiction, the subject matter of this suit is the attempted modification of a child support order embodied in a judgment rendered in the state of Virginia. If the UIFSA applies to this litigation, the provisions contained therein must be complied with for *436 subject matter jurisdiction to be asserted by a Louisiana court.

Does the UIFSA Apply?
On appeal, Mr. Bordelon makes a twofold argument that the UIFSA does not apply in the instant case because: 1) he brought his demand that Ms. Dehnert be ordered to pay child support pursuant to LSA-R.S. 9:315.8, not pursuant to the UIFSA; and 2) LSA-Ch.C. art. 1301.5 provides the remedies of the act are cumulative and do not affect the availability of remedies under other law, such as LSA-R.S. 9:315 .8. Neither point is persuasive.
This court has recently held that subject matter jurisdiction with regard to the issue of child support is governed by Louisiana's version of the UIFSA, LSA-Ch.C. art. 1301.1, et seq. See Jurado v. Brashear, 98-2729, 764 So.2d 1066 (La. App. 1 Cir. 4/17/00).[3] The UIFSA shall be applied and construed to effectuate its general purpose to make uniform the law with respect to family support among states that have enacted the uniform act. LSA-Ch.C. art. 1301.2. Allowing a litigant to pick and choose between UIFSA and other state laws in instances when UIFSA applies to bar subject matter jurisdiction clearly would undermine the general purpose of the UIFSA and would not further uniformity in interstate enforcement of child support orders.
The provisions of LSA-Ch.C. art. 1301.5 must be read in conjunction with the other provisions of the UIFSA, which embody the concept of continuing, exclusive jurisdiction to establish and modify the levels of child support due a particular child. The UIFSA was enacted to replace the Uniform Reciprocal Enforcement of Support Act (URESA), which had previously governed support orders involving different states. Under URESA, a state had jurisdiction to establish, vacate, or modify an obligor's support obligation even when that obligation had been created in another jurisdiction. Thus, multiple and inconsistent obligations often resulted. Gentzel v. Williams, 25 Kan.App.2d 552, 556, 965 P.2d 855, 858 (1998). The UIFSA was developed by the American Bar Association (ABA) in an attempt to solve some of the problems encountered under URESA, including the exercise of modification jurisdiction over a child support award by more than one state. Jurado, 764 So.2d 1066. Thus, UIFSA attempts to limit modification jurisdiction to just one state at a time, once there is an existing child support award issued. Because UIFSA embodies a "one order, one time, one place" policy, there can be only one controlling order. Id.
To further national uniformity regarding the enforcement of child support orders, Congress required that all states adopt UIFSA by January 1, 1998. 42 U.S.C. § 666(f) (1996 Supp.). The Louisiana legislature enacted the UIFSA through 1995 La. Acts No. 251, effective January 1, 1996. Thus, UIFSA is designed to be an improvement over URSA. We cannot accept that both Congress and the Louisiana legislature intended to allow a litigant to circumvent the concept of continuing, exclusive jurisdiction by simply declaring that the litigant is proceeding pursuant to another provision. Further, UIFSA is the latest expression of the legislative will and a specific provision which applies to the facts and circumstances of this matter. The rules of statutory construction provide that where two statutes deal with the same subject matter, they should be harmonized if possible, but when two acts are clearly irreconcilable, then the latest enactment should be applied. See Killeen v. Jenkins, 98-2675, p. 4 (La.11/05/99), 752 So.2d 146, 148; see *437 also Perschall v. State, 96-0322, p. 22 (La.7/1/97), 697 So.2d 240, 255.
Accordingly, we hold that the UIFSA applies in the instant case, and the trial court should have applied its provisions to determine subject matter jurisdiction. See Harbour v. Harbour, 95-2168, pp. 5-7 (La. App. 1 Cir. 6/28/96), 677 So.2d 700, 703-704 (pursuant to the Full Faith and Credit for Child Support Orders Act, 28 U.S.C. § 1738(B), the trial court should have applied the provisions of that act to determine jurisdiction; the Louisiana court had only the authority to enforce a Mississippi decree and could not modify it.)
Does a Louisiana Court Have Subject Matter Jurisdiction to Modify a Virginia Judgment of Child Support?
Mr. Bordelon urges the issue of continuing exclusive jurisdiction does not apply because the Virginia divorce decree was silent as to the child support to be paid by Ms. Dehnert. He maintains he did not request modification of the Virginia decree, but that his demand is an initial request for child support by the domiciliary parent over which Louisiana courts have subject matter jurisdiction. It is immaterial that Mr. Bordelon's rule does not allege that it is a rule to increase or decrease any previous award of child support from Ms. Dehnert. Neither Mr. Bordelon's failure to allege that the Virginia decree provided child support nor the fact that the Virginia decree did not order Ms. Dehnert to pay any support obliterates the child support provisions of the Virginia decree. The "Final Decree for Divorce" issued by the Virginia court on April 28, 1993, which was made executory in Louisiana pursuant to Mr. Bordelon's petition, among other things orders that Mr. Bordelon provide health care coverage, pay all deductible amounts for the child, and pay any other reasonable health care costs for the child not covered by insurance. A provision for the payment of health care insurance is an element of the basic child support obligation. See LSA-R.S. 9:315.4. Additionally, the Virginia decree ordered the case transferred to the Juvenile and Domestic Relations District Court for the County of Mathews in Virginia "for such further proceedings as may be from time to time required on all matters pertaining to support and maintenance" of the minor child of the parties. Thus, Mr. Bordelon's argument that the Virginia decree is not a judgment of child support over which the Virginia court has continuing exclusive jurisdiction, as contemplated by the Louisiana legislature in enacting the UIFSA, is untenable.
The fact that the Virginia judgment was not registered pursuant to the requirements of UIFSA in LSA-Ch.C. art. 1306.9[4] does not make the UIFSA inapplicable here. Mr. Bordelon, not Ms. Dehnert, is the party who is seeking to modify the Virginia decree. Thus, it was incumbent on Mr. Bordelon to register the Virginia decree in order to have it modified. Although Mr. Bordelon did not have the Virginia judgment registered, he did have it made executory in Louisiana, which was tantamount to registration. See Harbour, 95-2168 at 6-7, 677 So.2d at 703-704 (court had authority to make Mississippi judgment executory, but did not have subject matter jurisdiction to modify the support order.)
We turn now to a consideration of whether this particular Virginia decree can be modified in Louisiana. According to LSA-Ch.C. art. 1306.10, a registered order may be modified only if the requirements of LSA-Ch.C. art. 1306.11 are met. Article 1306.11 provides:
A. After a child support order issued in another state has been registered in this state, the responding tribunal of this state may modify that order only if Article *438 1306.13 (Jurisdiction to modify child support order of another state when individual parties reside in this state) does not apply and, after notice and hearing, it finds that either:
(1) All of the following requirements are met:
(a) The child, the individual obligee, and the obligor do not reside in the issuing state.
(b) A petitioner who is a nonresident of this state seeks modification.
(c) The respondent is subject to the personal jurisdiction of the tribunal of this state.
(2) The child or a party who is an individual is subject to the personal jurisdiction of the tribunal of this state and all of the parties who are individuals have filed a written consent in the issuing tribunal for a tribunal of this state to modify the support order and assume continuing, exclusive jurisdiction over the order. However, if the issuing state is a foreign jurisdiction that has not enacted a law or established procedures substantially similar to the procedures under this Chapter, the consent otherwise required of an individual residing in this state is not required for the tribunal to assume jurisdiction to modify the child support order.
B. Modification of a registered child support order is subject to the same requirements, procedures, and defenses that apply to the modification of an order issued by a tribunal of this state and the order may be enforced and satisfied in the same manner.
C. A tribunal of this state may not modify any aspect of a child support order that may not be modified under the law of the issuing state. If two or more tribunals have issued child support orders for the same obligor and child, the order that controls and must be so recognized under the provisions of Article 1302.7 (Recognition of controlling child support order) establishes the aspects of the support order that are non-modifiable.
D. On issuance of an order modifying a child support order issued in another state, a tribunal of this state becomes the tribunal having continuing, exclusive jurisdiction.
Analyzing the provisions of Article 1306.11 in light of the undisputed facts of the instant case, it is clear that all of the requirements of Paragraph A(1) cannot be met. Assuming for discussion only, that Ms. Dehnert is subject to the personal jurisdiction of the Louisiana courts, as provided in (c), nevertheless, she still resides in Virginia, the "issuing state," and she is not the petitioner, contrary to the requirements of (a) and (b), respectively. Further, because Mr. Bordelon, the petitioner, is a resident of Louisiana, the requirement of (b) cannot be satisfied.
Thus, pursuant to the UIFSA, the trial court lacked subject matter jurisdiction to modify the Virginia decree.

Personal Jurisdiction:
Our determination that Louisiana courts lack subject matter jurisdiction precludes the necessity of addressing the personal jurisdiction issue. However, because of the remand from the Louisiana Supreme Court, we address that issue parenthetically.
This court conducts a de novo review of the legal issue of personal jurisdiction over a nonresident by a Louisiana court. Griffith v. French, 97-2635, p. 3 (La.App. 1 Cir. 12/28/98), 723 So.2d 1140, 1142, writ denied, 99-0220 (La.3/19/99), 740 So.2d 116.
In rendering judgment, the trial court relied upon Burnham v. Superior Court of California, County of Marin, 495 U.S. 604, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990).[5] *439 The Supreme Court was unanimous in holding that jurisdiction existed over a nonresident father in a divorce action who was served with process while briefly in the forum. But the court split on the rationale. A plurality[6] led by Justice Scalia found a classic minimum contacts inquiry was unnecessary because service in the forum state satisfied due process as that was constitutionally sufficient when the Fourteenth Amendment was enacted. Justice Brennan rejected the originalism analysis, but concluded that the father's three-day visit to the forum constituted minimum contacts. He also stated that generally service within the forum is sufficient to assert jurisdiction over the person. The plurality decision provides illumination, but not a clearly lighted path to resolution of the case before us. In cases in which no single opinion receives a majority of the vote, the holding of the court may be viewed as that position taken by those members who concurred in the judgments on the narrowest grounds. Gregg v. Georgia, 428 U.S. 153, 169 n. 15, 96 S.Ct. 2909, 2923 n. 15, 49 L.Ed.2d 859 (1976). Thus Gregg v. Georgia instructs as to the manner in which one may discern a single holding of the Court in cases in which no opinion on the issue in question has garnered the support of a majority. Vasquez v. Hillery, 474 U.S. 254, 106 S.Ct. 617, 622, n. 4, 88 L.Ed.2d 598 (1986).
The Louisiana Supreme Court recently discussed the historical perspective of the concept of personal jurisdiction and its current parameters in a case involving Louisiana's long-arm statute. In Ruckstuhl v. Owens Corning Fiberglas Corporation, 98-1126, p. 5 (La.4/13/99), 731 So.2d 881, 885, cert. denied, 528 U.S. 1019, 120 S.Ct. 526, 145 L.Ed.2d 407, the court stated that currently, under the long-arm statute, which specifically provides that "this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and the Constitution of the United States," the sole inquiry into jurisdiction over a nonresident is an analysis of the constitutional due process requirements.[7] The due process test employed by the courts in resolving challenges to assertion of personal jurisdiction has evolved into two parts: first, the "minimum contacts" prong; and second, the fairness of the assertion of jurisdiction. Hence, once the plaintiff meets his burden of proving minimum contacts, "a presumption of reasonableness of jurisdiction arises" and "the burden then shifts to the opposing party to prove the assertion of jurisdiction would be so unreasonable in light of traditional notions of fair play and substantial justice as to overcome the presumption of reasonableness created by the defendant's minimum contacts with the forum." de Reyes v. Marine Management and Consulting, Ltd., 586 So.2d 103, 107 (La.1991).
Although the matter before us does not involve the long-arm statute because service was actually made on the defendant within the state, the rule concerning shifting of the burden of proof is equally cogent in a case involving transient jurisdiction.[8] Succinctly stated, once there is *440 personal service within the forum in a matter involving transient jurisdiction, it is the burden of the party resisting the court's assertion of personal jurisdiction to establish it would be unreasonable in light of traditional notions of fair play and substantial justice.
Ms. Dehnert has failed to present any evidence that the exercise of personal jurisdiction over her in the child support proceeding would not comport with due process requirements. See de Reyes, 586 So.2d at 107.
Nevertheless, the defendant argues that the exercise of personal jurisdiction over her would be unfair because she was not in this state voluntarily. She cites Page v. Page, 98-1142 (La.6/19/98), 711 So.2d 272, as support for her argument. However, the citation is to a mere denial of a writ, not an opinion. Concurring in the denial of the writ, Justice Lemmon expressed concern that if a defendant's appearance in a contest over visitation were construed as consent to the exercise of personal jurisdiction in a support hearing, unscrupulous former spouses would be encouraged to deny visitation arbitrarily in order to obtain jurisdiction for support orders. We appreciate Justice Lemmon's concern, but note that such concern cannot override the effect of personal service within the forum. If a spouse is acting unscrupulously, that is an evidentiary factor to consider when determining if the exercise of in personam jurisdiction would be unfair. We note there has been no evidence that this matter involved an unscrupulous former spouse. Additionally, the record indicates Mr. Bordelon and his son have lived in Louisiana for a number of years. Thus, a Louisiana court was not randomly chosen as a forum.
Additionally, if the facts of the instant case supported subject matter jurisdiction under the UIFSA, personal service within the state would be sufficient to confer personal jurisdiction upon the non-resident party. See LSA-Ch.C. art. 1302.1 which provides for personal jurisdiction upon service within the forum. Apparently, the redactors of the UIFSA did not consider the fact that a parent enters this state to litigate related matters, such as visitation, to bar the exercise of personal jurisdiction in a support case if personal service is made within this state. While any statute must withstand due process analysis, this provision indicates the legislative determination that service within the forum confers jurisdiction over the person in support matters.
Further, we note that Ms. Dehnert's child is being reared in Louisiana. As such, Louisiana has a significant interest in the child's welfare and in the child's being properly supported financially. Additionally, because Ms. Dehnert was validly cited to appear regarding visitation, the additional burden to litigate the support issue is minimal. Lastly, it would not seem an unreasonable burden for a parent to visit the home state of her child.

CONCLUSION
Because the Louisiana courts lack subject matter jurisdiction in the instant case, we vacate the judgment of the trial court denying Ms. Dehnert's exception and we dismiss Mr. Bordelon's rule for child support. We cast Mr. Bordelon for all costs of this appeal.
JUDGMENT VACATED; PLAINTIFF'S DEMAND DISMISSED.
CARTER, C.J., concurs in the results.
NOTES
[1] Judge H. Ward Fontenot, 38th Judicial District Court, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Eventually, on September 30, 1999, a judgment incorporating the stipulations of the parties was rendered on the issues of child custody and visitation alone.
[3] We note the Louisiana Supreme Court has granted writes in Jurado at XXXX-XXXX (La.6/23/00), 765 So.2d 345. However, we cite the case, not for its holding, but for the detailed history of the UIFSA contained therein. Jurado is distinguishable from the inst case as none of the parties continued to live in the state that issued the initial support decree. In this matter, Ms. Dehnert continues to live in Virginia.
[4] Article 1306.9 provides in pertinent part:

"A party or support enforcement agency seeking to modify, or to modify and enforce, a child support order issued in another state shall register that order in this state in the same manner provided in Subsection A of this Section if the order has not been registered."
[5] Burnham was a New Jersey resident who traveled to California to conduct business and to visit his children who had been taken there by his estranged wife. He was personally served while in California with process for a divorce proceeding initiated by his wife. He challenged jurisdiction on the basis that he lacked minimum contacts with the state of California.
[6] Justice Scalia announced the judgment of the Court and delivered an opinion, in which Chief Justice Rehnquist and Justice Kennedy joined, and in which Justice White joined as to Parts 1, II-A, II-B, and II-C. Justice White filed an opinion concurring in part and concurring in the judgment. Justice Brennan filed an opinion concurring in the judgment, in which Justices Marshall, Blackmun and O'Conner joined. Justice Stevens filed an opinion concurring in the judgment.
[7] Article I, Section 2 of the Louisiana Constitution provides that no person shall be deprived of life, liberty, or property, except by due process of law. The analysis under the due process clauses of the United States Constitution and the Louisiana Constitution would be the same because the language of the clauses is the same.
[8] Justice Brennan uses the term "transient jurisdiction" to refer to jurisdiction premised solely on the fact that a person is served with process while physically present in the forum state. Burnham v. Superior Court, 495 U.S. 604, 110 S.Ct. at 2120 n. 1, 109 L.Ed.2d 631.