801 So.2d 515 (2001)
STATE of Louisiana, SUPPORT ENFORCEMENT SERVICES
v.
Michael BEASLEY.
No. 00-1770.
Court of Appeal of Louisiana, Third Circuit.
October 10, 2001.
*516 Don M. Burkett, District Attorney, Many, LA, Counsel for Plaintiff/Appellant: State of Louisiana, Support Enforcement Services.
Michael Beasley, Many, LA, pro se.
Court composed of HENRY L. YELVERTON, BILLIE COLOMBARO WOODARD, and MICHAEL G. SULLIVAN, Judges.
WOODARD, Judge.
The Department of Social Services, Support Enforcement Services (the Department) filed a petition against Mr. Michael Beasley, seeking to register a Georgia divorce decree for enforcement. The decree ordered Mr. Beasley to pay child support of $402.00 per month. Also, the Department sought to make executory the $42,210.00 in child support arrearages. The trial court modified the Georgia decree changing the support obligation from $402.00 to $192.00 per month and making $39,534.00 in arrearages executory. The Department appeals, contending that the trial court lacked subject matter jurisdiction and personal jurisdiction over Ms. Beasley to modify the Georgia decree. We agree. We reverse and vacate the trial court's judgment for lack of subject matter jurisdiction, register the Georgia decree, and make the $42,210.00 arrearages executory *517 as of October 31, 1999, plus additional arrearages of $3,618.00, due on the date of the hearing.

* * * * *
On May 20, 1991, Ms. and Mr. Beasley divorced in Georgia. The final divorce decree incorporated, by reference, and adopted, verbatim, the parties' notarized separation agreement, dated February 14, 1990. In it, the issues of custody, support, alimony, and the division of property were resolved, except for visitation. The last issue was set out in the divorce decree. Mr. Beasley agreed to pay $402.00 as child support under the terms of the separation agreement. Subsequently, Ms. Beasley relocated to the Federal Republic of Germany, and Mr. Beasley relocated to Louisiana.
On or about June 12, 2000, the Department filed a petition in Sabine Parish based on an interstate referral from the Federal Republic of Germany, German Institute for Guardianship, Youth Welfare Office. It did so under the provisions of the Louisiana Uniform Interstate Family Support Act (UIFSA), La.Ch.Code art. 1301.1, et seq. It sought to register in Louisiana, for enforcement only, the Georgia divorce decree, which included a child support order against Mr. Beasley. Additionally, it sought confirmation of the UIFSA registration of the Georgia divorce decree, as well as Louisiana's enforcement of the past due child support, which had accrued under this decree.
On July 26, 2000, the trial court reduced the original arrearages of $42,210.00, which were due as of the time of the UIFSA registration, to $39,634.00. The trial court's judgment further states that the arrearages had accrued under an order which the "New York Office of the Judge Advocate" had rendered.
The trial court, also, modified the only ongoing child support order, existing between the parties, which the Georgia court had issued. It reduced the monthly payment from $402.00 per month to $192.00 per month, retroactive to January 1, 2000. On October 7, 2000, on behalf of the Department, the Sabine Parish District Attorney petitioned for a rehearing. Nevertheless, the trial court upheld its judgment; the Department appeals that judgment. It contends that, under the UIFSA and the Federal Full Faith and Credit for Child Support Orders Act, 28 U.S.C. § 1738B, the trial court lacked both personal and subject matter jurisdiction to modify the Georgia decreed child support provisions.
The Department notes that the trial court's judgment erroneously registered the Separation Agreement, which was notarized before a Judge Advocate General with the United States Armed Forces in Europe; the trial court never confirmed the Georgia child support order's registration; and the Georgia court was the only tribunal having continuing exclusive jurisdiction under the UIFSA. Accordingly, the Department urges that the July 26, 2000 judgment is a nullity.

* * * * *
A judgment, which a court, without jurisdiction, renders over the subject matter of the action or proceeding, is void.[1] Therefore, subject matter jurisdiction is a threshold issue.
Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right which is *518 asserted.[2] The parties cannot waive subject matter jurisdiction and a court can recognize the lack of it at any time, with or without formal exception.[3]
The subject matter of this suit involves the attempted modification of a Georgia child support order. Louisiana's version of the UIFSA governs subject matter jurisdiction concerning child support.[4]
In Jurado v. Brashear,[5] the first circuit discussed the history of the UIFSA. It stated:
The Uniform Interstate Family Support Act (UIFSA) was developed by the American Bar Association (ABA) to provide a common child support enforcement mechanism as well as a common mechanism for actions for modification of child support awards. Tim Graves, Comment, Child Support Guidelines Encourage Forum Shopping, 37 Duq. L.Rev. 287, Introduction (1999). The ABA developed UIFSA in an attempt to solve some of the problems encountered under the Uniform Reciprocal Enforcement of Support Act (URESA). National Developments, Uniformed Interstate Family Support Acts Endorsed by ABA, 13 No. 3 Fairshare 26 (1993). One of the problems, which was identified under URESA, was the exercise of modification jurisdiction over a child support award by more than one state. 13 No. 3 FairShare at 26....
. . . .
Effective January 1, 1996, UIFSA was adopted by the Louisiana legislature by Acts 1995, No. 251. The act repealed Louisiana's Uniform Reciprocal Enforcement of Support Act (URESA) (formerly LSA-Ch.C. arts 1301 to 1342) and replaced it with UIFSA, LSA Ch.C arts. 1301.1 to 1308.2.
The UIFSA is to be applied and construed to make the law uniform concerning family support among states that have enacted the uniform act.[6] We must read the provisions of La.Ch.Code art. 1301.5 in conjunction with the other UIFSA provisions,[7] which embody the concept of continuing exclusive jurisdiction to establish and modify child support due a particular child.[8] The UIFSA attempts to limit modification jurisdiction to just one state at a time, once there is an existing child support award issued.[9] Because the UIFSA embodies a "one order, one time, one place" policy, there can be only one controlling order.[10]
Concerning whether Louisiana can modify this particular Georgia divorce decree, under La.Ch.Code art. 1306.10, a registered order may be modified only if La.Ch. Code art. 1306.11 requirements are met.[11] For purposes of this discussion, we will assume that the trial court's registration of the Separation Agreement, incorporated in the divorce decree, in effect registered the entire Georgia divorce decree, even *519 though, technically, the July 26, 2000 judgment did not do so. Article 1306.11 provides:
A. After a child support order issued in another state has been registered in this state, the responding tribunal of this state may modify that order only if Article 1306.13 (Jurisdiction to modify child support order of another state when individual parties reside in this state) does not apply and, after notice and hearing, it finds that either:
(1) All of the following requirements are met:
(a) The child, the individual obligee, and the obligor do not reside in the issuing state.
(b) A petitioner who is a nonresident of this state seeks modification.
(c) The respondent is subject to the personal jurisdiction of the tribunal of this state.
(2) The child or a party who is an individual is subject to the personal jurisdiction of the tribunal of this state and all of the parties who are individuals have filed a written consent in the issuing tribunal for a tribunal of this state to modify the support order and assume continuing, exclusive jurisdiction over the order. However, if the issuing state is a foreign jurisdiction that has not enacted a law or established procedures substantially similar to the procedures under this Chapter, the consent otherwise required of an individual residing in this state is not required for the tribunal to assume jurisdiction to modify the child support order.
B. Modification of a registered child support order is subject to the same requirements, procedures, and defenses that apply to the modification of an order issued by a tribunal of this state and the order may be enforced and satisfied in the same manner.
C. A tribunal of this state may not modify any aspect of a child support order that may not be modified under the law of the issuing state. If two or more tribunals have issued child support orders for the same obligor and child, the order that controls and must be so recognized under the provisions of Article 1302.7 (Recognition of controlling child support order) establishes the aspects of the support order that are nonmodifiable.
D. On issuance of an order modifying a child support order issued in another state, a tribunal of this state becomes the tribunal having continuing, exclusive jurisdiction.
Considering the provisions of Article 1306.11 in the context of this case, it is evident that not all of the requirements of Paragraph A(1) can be met. Namely, Ms. Beasley is not subject to the personal jurisdiction of the Louisiana courts, as A(1)(c) requires. She lives in Germany, and we note that this record contains no evidence that she was ever served with any pleadings, seeking modification of the Georgia divorce decree, or that she consented to the jurisdiction of the court.[12] Moreover, because Mr. Beasley, the mover for the modification, is a resident of Louisiana, the requirement of A(1)(b) cannot be satisfied. Thus, under the UIFSA, the trial court lacked subject matter jurisdiction to modify the Georgia decree, even if, we were to assume, arguendo, that the trial court's action had registered the Georgia divorce decree. Further, the jurisdictional requirements of 28 U.S.C. § 1738B(e)(1) cannot be met, as the Louisiana court never had jurisdiction to amend the child support *520 order. Thus, it never had the authority to modify the order of the Georgia court.
Our determination that Louisiana courts lack subject matter jurisdiction precludes the necessity of addressing the personal jurisdiction issue concerning Ms. Beasley.
We vacate the trial court's July 26, 2000 judgment, in its entirety, and order that the Georgia "Divorce Judgment And Decree," of May 20, 1991, be registered and made executory for enforcement. We confirm the child support award of $402.00 per month and make executory the arrearages as of October 31, 1999$42,210.00 plus arrearages of $3,618.00, which were due on the date of the hearing in the trial court.
Finally, we note that the State requests, in its conclusion in its brief, that we order Mr. Beasley to provide "... health care coverage, pay all deductible amounts for the child, and pay any other reasonable health care costs for the child not covered by insurance, as an element of the basic child support obligation...." The State did not make this request in its motion for registration and enforcement of the Georgia decree, nor was it an assignment of error. The only reference to health care for the child is in the parents' Separation Agreement, which provides: "The Husband agrees to assist in arranging for the Wife and Child's use of military facilities, including but not limited to post exchange, hospital, medical care (CHAMPUS), post laundry, and commissary, to the extent to which they are by law entitled to use and the Wife agrees to avail herself of such facilities and privileges provided by and through the Armed Services for herself and the Child." The Georgia judge incorporated, by reference, the Separation Agreement into the "Divorce Judgment And Decree" of May 20, 1991. To honor the State's request would require that we deviate from that decree. We decline to do so, as it would be a modification of the Georgia judgment, for which we have determined the Louisiana trial court lacked jurisdiction.

CONCLUSION
The trial court lacked subject matter jurisdiction under the UIFSA and 28 U.S.C. § 1738B to modify the Georgia divorce judgment and decree. We reverse and vacate its July 26, 2000 judgment, in its entirety, and order that it register and make executory the Georgia divorce judgment and decree of May 20, 1991, confirming the award of $402.00 child support per month, as well as to make executory the $42,210.00 arrearages, due as of October 31, 1999, plus additional arrearages of $3,618.00, due on the date of the trial court's hearing. We order that an immediate income assignment order be issued, pursuant to La.R.S. 46:236.3(A) and (B), and we cast Mr. Beasley with costs of this appeal.
REVERSED AND RENDERED.
NOTES
[1] La.Code Civ.P. art. 3.
[2] La.Code Civ.P. art. 2.
[3] La.Code Civ.P. art. 3; Boeing Co. v. Louisiana Dep't of Econ. Dev., 94-971, (La.App. 1 Cir. 6/23/95); 657 So.2d 652.
[4] La.Ch.Code art. 1301 et seq.
[5] 98-2729 (La.App. 1 Cir. 4/17/00); 764 So.2d 1066, 1070-71, aff'd in part and rev'd in part, 00-C-1306 (La.3/19/2001); 782 So.2d 575.
[6] La.Ch.Code art. 1301.2.
[7] La.Civ.Code art. 13.
[8] See also 28 U.S.C. § 1738B(d).
[9] La.Ch.Code art. 1302.7(A).
[10] Bordelon v. Dehnert, 99-2625 (La.App. 1 Cir. 9/22/00); 770 So.2d 433, writ denied, 00-2923 (La.3/19/01); see also 28 U.S.C. § 1738B(f)(1).
[11] See also 28 U.S.C. § 1738B(i).
[12] La.Ch.Code art. 1302.1.