HIGGINBOTHAM, J.
|2The Board of Commissioners of the Southeast Louisiana Flood Protection Authority-East, on behalf of and the Orleans Levee District (OLD), filed a petition for judicial review of a certification by the Department of Natural Resources (DNR) concerning the return of land in Plaque-mines Parish to the Succession of Helen Katz, Wife of/and Sam Mermelstein. The district court affirmed the decision of the DNR, and from that judgment the OLD appeals. For the following reasons, we vacate the judgment of the district court and dismiss the appeal for lack of appellate jurisdiction.
FACTS
An act of sale dated March 16,1928, and recorded March 19, 1928, conveyed land described as located in Section 17, Township 18 South, Range 16 East, containing 293.89 acres in Plaquemines Parish, from Sam Mermelstein to the Board of Levee Commissioners of the Orleans Levee District. In November 2006, Ms. Eileen Mer-melstein Bordelon, granddaughter of Sam Mermelstein and the court-appointed ad-ministratrix of the re-opened Succession of Helen Katz, Wife of/and Sam Mermelstein (the succession), asserted a claim to the DNR for certification to recover this land pursuant to the Return of Lands Act (Act 233 of 1984). The DÑR, pursuant to the authority vested in them by Act 233 of 1984, approved the succession’s application. In a letter to the OLD attorney dated October 16, 2007, the DNR concluded that the succession provided sufficient evidence to establish its right to the return of the property and certified that the land should be returned 100% to the succession. On November 19, 2007, the OLD submitted to the 19th Judicial District Court a petition for judicial review of the certification by the DNR. The OLD asserted jurisdiction of the court pursuant to the Louisiana Administrative Procedure Act (the APA), specifically La. R.S. 49:964. On December 20, 2010, the district court signed a judgment affirming the |sdecision of the DNR and denying the petition for judicial review. It is from this judgment that the OLD appeals.
DISCUSSION
Subject matter jurisdiction is a threshold issue, because a judgment rendered by a court that has no jurisdiction over the subject matter of the action or *752 proceeding is void. La. C.C.P. art. 3; Bordelon v. Dehnert, 99-2625 (La.App. 1st Cir.9/22/00), 770 So.2d 433, 435, writ denied, 2000-2923 (La.3/19/01), 787 So.2d 995. For the purpose of judicial review of administrative action, district courts are courts of limited jurisdiction and only have appellate jurisdiction to review administrative decisions as provided by the legislature or the constitution. Metro Riverboat Associates, Inc. v. Louisiana Gaming Control Board, 2001-0185 (La.10/16/01), 797 So.2d 656, 660; See La. Const. art. V, § 16 B. The APA governs judicial review of an agency’s final decision or order in an adjudication proceeding. See Metro Riverboat Associates, Inc., 797 So.2d at 662.
The APA defines “adjudication” as an “agency process for the formulation of a decision or order.” La. R.S. 49:951(1). “Decision or order” is defined, in pertinent part, as “the whole or any part of the final disposition (whether affirmative, negative, injunctive,, or declaratory in form) of any agency, in any matter other than rulemak-ing, required by constitution or statute to be determined on the record after notice and opportunity for an agency hearing.” La. R.S. 49:951(3) (Emphasis added). Absent a constitutional or statutory requirement of a hearing, an agency disposition is not a “decision or order” under the APA. And, if a “decision or order” does not result from the proceeding, then the proceeding is not an “adjudication,” as defined by the APA. Government Computer Sales, Inc. v. State, Through Div. of Admin., 98-0224 (La.App. 1st Cir.9/25/98), 720 So.2d 53, 56. Finally, if the agency action is not a “decision or order” in an ^adjudication proceeding, then the district court does not have appellate jurisdiction to review the action. See Metro Riverboat Associates, Inc., 797 So.2d at 662.
The Return of Lands Act ordered the OLD to return the ownership of property within the Bohemia Spillway to the owners or their successors from whom the property was acquired by expropriation or by purchase under threat of expropriation. 1984 La. Acts, No. 233, § 1. Section 2 of Act 233, as amended by 1985 La. Acts, No. 819, § 2, vested rule-making and procedure-making authority in the DNR to establish procedures and guidelines for the orderly implementation of the return of such property by the OLD and ordered the DNR to evaluate applications submitted by owners and/or their successors. The secretary of the DNR was made responsible for certifying to the OLD the owners or their successors from whom such property was so acquired. See 1985 La. Acts, No. 819, § 4[1] (amending Section 4 of Act 233 of 1984); Plaquemines Parish Government v. Department of Natural Resources, 2008-2094 (La.App. 1st Cir.9/10/09), 23 So.3d 357, 360, writ denied, 2009-2127 (La.12/11/09), 23 So.3d 920. Pursuant to this mandate, the DNR created the procedure required to apply for the return of land in Title 43, Chapter 13, § 1305 of the Louisiana Administrative Code (the LAC). The LAC requires the DNR, after completion of the evaluation of an application, to determine if “the application and accompanying documentary evidence establishes an apparent valid claim for return of title to the tract ...” LAC 43:XIII.1305(E)(2)[2].
There is no constitutional or statutory provision requiring that the DNR give notice or provide the opportunity for a hearing prior to certifying to the OLD that the land should be returned in accordance with *753 the Return of Lands Act. In fact, | Rthe DNR’s certification, pursuant to the rules laid out in the LAC, was made solely on the evidence presented by the succession. The OLD was not given notice prior to receiving the letter certifying that the land should be returned to the succession. The DNR did not dispute the lack of a contradictory hearing. Therefore, the DNR’s certification that the land be returned to the succession is not a decision or order in an adjudication proceeding.[3] Thus, the district court could not obtain appellate jurisdiction and lacked jurisdiction to judicially review the OLD’s appeal of the DNR’s certification.
Having concluded that the district court did not have appellate jurisdiction over the OLD’s appeal, we also conclude that this court has no appellate jurisdiction. Our jurisdiction in this case is limited to the sole purpose of correcting the district court’s error of entertaining the petition for judicial review. Thus, we vacate the district court’s judgment and cannot consider the merits of this appeal. See Metro Riverboat Associates, Inc., 797 So.2d at 663.
CONCLUSION
For the foregoing reasons, we vacate the judgment of the district court and dismiss this appeal. The costs of this appeal are assessed to the Board of Commissioners of the Southeast Louisiana Flood Protection Authority-East, on behalf of/and the Orleans Levee District, in the amount of $4,123.50.
JUDGMENT VACATED; APPEAL DISMISSED.

. The amendment also included that any applicant who is aggrieved by the OLD’s action may seek judicial review by filing suit in the Twenty-Fifth Judicial District Court.

. This section of the LAC has been repealed; however, it was the applicable provision at the time that the succession submitted the application for certification.

. We recognize that the fourth circuit has reached a different result in Vogt v. Board of Commissioners of Orleans Levee District, 98-2379 (La.App. 4th Cir.6/9/99), 738 So.2d 1142, writs denied, 99-2024, and 99-2025 (La.10/29/99), 748 So.2d 1166.