STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CU 1635

CHARLES EDWARD HARVEY

VERSUS

JENNIFER CHANDLER HARVEY

Judgment Rendered: **MAY 1 1 2020**

* * * * *

On Appeal from the
20th Judicial District Court
In and for the Parish of East Feliciana
State of Louisiana
Trial Court No. 45,730

Honorable Kathryn E. Jones, Judge Presiding

* * * * *

Todd E. Gaudin
Baton Rouge, LA

Attorney for Plaintiff-Appellee,
Charles Edward Harvey

R. Graham Arnold
Zachary, LA

Attorney for Defendant-Appellant,
Jennifer Chandler Harvey

* * * * *

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

## HIGGINBOTHAM, J.

In this child custody and support matter, Jennifer Chandler Harvey appeals the judgment of the district court modifying a Florida custody and support judgment, contending that the district court lacked subject matter jurisdiction to modify the Florida judgment.

### FACTS AND PROCEDURAL HISTORY

Charles Edward Harvey and Jennifer Chandler Harvey were married on June 23, 2001, and are the parents of three children, Kylei Harvey, Caleb Harvey, and Kelcei Harvey. During the marriage, Charles and Jennifer lived in Florida. On May 12, 2016, the parties were divorced by a judgment signed in Okeechobee, Florida. As part of that judgment, the parties agreed to the custody of their children, and the Florida court ordered Charles to pay child support to Jennifer. The Florida judgment provided that the Florida court "retain[ed] jurisdiction for all purposes."

Thereafter, Charles, Jennifer, and their children moved to East Feliciana and lived there together from about April 2017 to June 2018. In June 2018, Jennifer and the children no longer lived with Charles but remained in Louisiana. In May 2019, Jennifer moved back to Florida with Caleb and Kelcei.[1]

After Jennifer returned to Florida with the minor children, Charles filed in the 20th Judicial District Court for the parish of East Feliciana a "Petition for Legal Custody & to Modify Unregistered Interstate Support Order." In the petition, Charles acknowledged that he was unclear whether the Florida divorce decree determined legal custody; therefore, he requested that the Louisiana district court either grant his request to establish initial custody, or modify the Florida judgment by awarding joint legal custody to both parties, designating him as custodial parent, and awarding Jennifer reasonable visitation rights. Charles also requested that the

---

[1] Kylei remained in East Feliciana with her dad, and, at the time of the hearing, she was no longer a minor.

2

child support order be modified. Charles' petition came before the district court on August 5, 2019. By that time, Charles had obtained a copy of the Florida judgment, and he introduced the judgment into the record. Jennifer was not present at the hearing.

After the hearing, the district court signed a judgment on August 27, 2019, modifying the Florida judgment by designating Charles as the domiciliary parent, ordering that the children be returned to Louisiana and enrolled in appropriate schools, providing visitation time for Jennifer, and modifying the Florida support order by ordering Jennifer to pay child support to Charles. As part of the judgment, the district court made the following findings of fact: Jennifer resides in the state of Florida, and Florida had granted a divorce between the parties and approved a consent parenting plan and marital settlement agreement that included terms of joint legal custody, support, and visitation on May 12, 2016.

It is from the August 27, 2019 judgment that Jennifer appealed, contending that the district court lacked subject matter jurisdiction to modify the Florida judgment pertaining to child custody under La. R.S. 13:1815, and lacked subject matter jurisdiction to modify the Florida child support order under La. Ch. C. art. 1306.11.

## LAW AND ANALYSIS

Subject matter jurisdiction is a threshold issue because a judgment rendered by a court that has no jurisdiction over the subject matter of the action or proceeding is void. La. Code Civ. P. art. 3; **Bordelon v. Dehnert**, 99-2625 (La. App. 1st Cir. 9/22/00), 770 So.2d 433, 435, writ denied, 2000-2923 (La. 3/19/01), 787 So.2d 995. Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. Code Civ. P. art. 2. Subject matter jurisdiction cannot be waived by the parties, and the lack

3

thereof can be recognized by the court at any time, with or without formal exception. La. Code Civ. P. arts. 3, 925; **Bordelon**, 770 So.2d at 435.

## I. CHILD CUSTODY JURISDICTION

The Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), codified at La. R.S. 13:1801-1842, governs the jurisdiction of the Louisiana district courts to hear child custody matters.[2] Louisiana Revised Statute 13:1815 provides the jurisdictional requirements that must be met in order for the district court to have jurisdiction to modify a child custody determination made by a court of another state. The statute states:

> Except as otherwise provided in R.S. 13:1816, a court of this state may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under R.S. 13:1813(A)(1) or (2)[3] and:
>
> (1) The court of the other state determines it no longer has exclusive, continuing jurisdiction under R.S. 13:1814 or that a court of this state would be a more convenient forum under R.S. 13:1819; or
>
> (2) A court of this state or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state.

---

[2] Louisiana Revised Statute 13:1810 allows a court of this state to communicate with a court of another state concerning a proceeding arising under the UCCJEA. See **Hiser v. Fell**, 2014-2336 (La. 1/9/15), 154 So.3d 1239, 1240 (per curiam) (holding that a Louisiana court had subject matter jurisdiction in a child custody case where the Texas court expressly declined jurisdiction over the matter after a teleconference with the Louisiana court in accordance with the UCCJEA.)

[3] Louisiana Revised Statutes 13:1813(A)(1) and (2) provides:
A. Except as otherwise provided in R.S. 13:1816, a court of this state has jurisdiction to make an initial child custody determination only if:
(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state, or had been the child's home state within twelve months before commencement of the proceeding and the child is absent from the state because he was required to leave or was evacuated due to an emergency or disaster declared under the provisions of R.S. 29:721 et seq., or declared by federal authority, and for an unforeseen reason resulting from the effects of such emergency or disaster was unable to return to this state for an extended period of time.
(2) A court of another state does not have jurisdiction or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under R.S. 13:1819 or 1820; and
(a) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.
(b) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

4

Under the express terms of this statute, a Louisiana court is limited in its ability to assert jurisdiction over a custody issue when another state has rendered a custody determination or otherwise validly asserts jurisdiction over the matter. According to the language of the statue, the district court does not have jurisdiction to modify an out of state judgment unless the district court had jurisdiction to make an initial custody determination under either La. R.S. 13:1813(A)(1) or (2), **and** the court of the other state determines that it no longer has exclusive continuing jurisdiction or that Louisiana would be a more convenient forum, or that the child and his parents no longer reside in the other state.

A review of the record in this case reveals that the district court did not have subject matter jurisdiction to modify the initial custody determination made by Florida. The 2016 Florida judgment determined custody of the minor children, implemented a "Parenting Plan," and retained jurisdiction for all purposes. Louisiana Revised Statute 13:1815(1) does not apply because there was no evidence submitted to indicate that Florida determined that it no longer has exclusive continuing jurisdiction or that Louisiana would be a more convenient forum. Likewise, La. R.S. 13:1815(2) does not apply because, at the time of the hearing, both Jennifer and her minor children resided in Florida. In fact, the district court, in its finding of facts, made a specific finding that Jennifer "resides in the state of Florida."[4] Accordingly, the district court erred in exercising subject matter jurisdiction over the child custody issues, and therefore that portion of the judgment is void.

---

[4] The district court determined that it had jurisdiction to consider the custody matter because Louisiana was the home state of the minor children under La. R.S. 13:1813(A)(1) and (2). This argument is relevant in determining whether the district court has jurisdiction to make an initial child custody determination. However, it has no relevance in determining whether the requirements of La. R.S. 13:1815(1) or (2) to modify another state's judgment are satisfied.

## II. CHILD SUPPORT JURISDICTION

The Uniform Interstate Family Support Act (UIFSA) found in La. Ch. C. arts. 1301.1 et. seq. was enacted to unify the support law among the states. Subject matter jurisdiction with regard to the issue of child support is governed by Louisiana's version of the UIFSA. **Bordelon**, 770 So.2d at 436. Louisiana Children's Code article 1306.13(A) provides that "[i]f all of the parties who are individuals reside in this state and the child does not reside in the issuing state, a tribunal of this state has jurisdiction to enforce and to modify the issuing state's child support order in a proceeding to register that order." If Article 1306.13 does not apply, La. Ch. C. art. 1306.11 provides for the modification of the child support order of another state. It provides, in pertinent part:

> A. If Article 1306.13 does not apply, upon petition a tribunal of this state may modify a child support order issued in another state which is registered in this state if, after notice and hearing, the tribunal finds that:
> (1) The following requirements are met:
> (a) Neither the child, nor the obligee who is an individual, nor the obligor resides in the issuing state.
> (b) A petitioner who is a nonresident of this state seeks modification; and
> (c) The respondent is subject to the personal jurisdiction of the tribunal of this state; or
> (2) This state is the residence of the child, or a party who is an individual is subject to the personal jurisdiction of the tribunal of this state, and all of the parties who are individuals have filed consents in a record in the issuing tribunal for a tribunal of this state to modify the support order and assume continuing, exclusive jurisdiction.

In order to modify a child support order, paragraph (A)(1) of the Article requires the district court to find that neither the child, nor the obligee, nor the obligor resides in the issuing state. In this case, the Florida judgment ordered Charles to pay Jennifer $2,095.00 per month, beginning June 1, 2016. Jennifer, the obligee, resides in Florida, the issuing state of the child support order. In light of the undisputed facts of this case, the requirements of paragraph (A)(1) of the Article cannot be met, and the district court does not have jurisdiction to modify the Florida child support award. Because the district court did not have subject matter jurisdiction to modify

the child support award, the child support award rendered by the district court is void.

## CONCLUSION

The district court lacked subject matter jurisdiction to modify the May 12, 2016 judgment rendered in Florida; therefore, the August 27, 2019 judgment[5] of the Louisiana district court, modifying both the custody and support award of the Florida judgment, is null and void and must be vacated. The costs of this appeal are assessed to Charles Edward Harvey.

**JUDGMENT VACATED AS VOID.**

---

[5] The August 27, 2019 judgment addressed only child custody and child support issues; therefore, the entirety of the judgment is void.